Electronically FILED by Superior Court of California, County of Riverside on 01/24/2025 10:30 AM
Case Number CVRI2500337 0000117803204 - Jason B. Galkin, Executive Officer/Clerk of the Court By Lourdes Melendrez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE ORVIS COMPANY, INC., a Vermont entity, d/b/a
WWW.ORVIS.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIGUEL ESPARZA, individually and on behalf of all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>4050 Main Street, Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>CVRI2500337 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091)
PACIFIC TRIAL ATTORNEYS, APC                                        Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE:                                          Clerk, by   *Lourdes Melendrez*                 , Deputy
*(Fecha)* 01/24/2025                           *(Secretario)*                                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   THE ORVIS COMPANY, INC., a Vermont entity, d/b/a
WWW.ORVIS.COM,

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

Electronically FILED by Superior Court of California, County of Riverside on 01/24/2025 10:30 AM
Case Number CVRI2500337 0000117803201 - Jason B. Galkin, Executive Officer/Clerk of the Court By Lourdes Melendrez, Clerk

**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>THE ORVIS COMPANY, INC., a Vermont entity, d/b/a WWW.ORVIS.COM,<br><br>       Defendants. | CASE NO. CVRI2500337<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17501 |

-1-
CLASS ACTION COMPLAINT

## NATURE OF ACTION

Defendant advertises fictitious regular prices (and corresponding phantom discounts) on products sold through its website at www.orvis.com (the "Website"). This practice allows Defendant to fabricate a fake "reference price', and present the actual price as "discounted", when it is not. The result is a sham price disparity that is *per se* illegal under California law.

## THE PARTIES

1.    Plaintiff is a citizen of California who purchased a product from Defendant's website.

2.    Defendant is a retailer that sells products nationwide and in California.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over all causes of action asserted herein.

4.    Venue is proper in this County because some of the class members' claims arose in this County.

5.    Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national Website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves false representations made on Defendant's Website, and Plaintiff's purchase was made through the Website from within California, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## GENERAL ALLEGATIONS

6.    Defendant, through its Website, offers products for sale to California consumers.

7.    Defendant advertises fictitious prices (and corresponding phantom discounts) on such products. This practice allows Defendant to fabricate a fake "reference" price, and present the actual price as "discounted", when it is not.

8.    Plaintiff purchased "Horseshoe Hills Fleece 1/4-Zip" from Defendant on January

-2-

CLASS ACTION COMPLAINT

17, 2025, for the "discounted" price of $35.60, which Defendant compared to a "strike-through" Reference Price of $89.00, after visiting the page shown below:



9.      The Reference Price described in the preceding paragraph was not the "prevailing market price" in the 90 days preceding the above access date.  Likewise, the advertisement does not "clearly, exactly and conspicuously" state the date upon which the Reference Price was the prevailing market price.

10.     Indeed, more than 90 days ago, Defendant was offering the exact same product for a discounted price with a similar "phantom discount" on August 31, 2024, as shown below and as documented by the "Wayback Machine:[1]

---

[1]      The "Wayback Machine" is a digital archive of the World Wide Web that allows users to view past versions of websites.  It automatically captures snapshots of webpages at various points in time, and stores them with timestamps.  It is used to determine how a website looked in the past, analyze the evolution of a website, and retrieve information that may no longer be available on the current iteration of a website.  Information retrieved via the Wayback Machine is generally treated as authoritative, subject to proper authentication.  *See  United States v. Kieffer,* 681 F.3d 1143, 1154 n.3 (10th Cir. 2012) (holding Wayback Machine downloads properly authenticated).

1
2
3
4
5
6
7
8
9
10
11



12
13
14    11.    These pricing and advertising practices reflecting high-pressure fake sales are
15 patently deceptive. They are intended to mislead customers into believing that they are getting a
16 bargain by buying products from Defendant on sale and at a substantial and deep discount. The
Reference Price is, therefore, an artificially inflated price. In turn, the advertised discounts are
nothing more than phantom markdowns.

17    12.    Plaintiff's counsel routinely monitored the product sales price on Defendant's
18 website in the period between the two dates referenced in the preceding paragraph and has
19 confirmed that the product was not offered for sale on Defendant's Website primarily at the
20 Reference price during that period, such that the Reference price was not the "prevailing price"
21 for the product during the period.  In other words, the Reference Price was a fake price used in
22 Defendant's deceptive marketing scheme.

23    13.    Defendant knows that the prices are fake and artificially inflated and intentionally
24 uses them in its deceptive pricing scheme on its Website to increase sales and profits by
25 misleading consumers to believe that they are buying products at a substantial discount.
26 Defendant thereby induces customers to buy products they never would have bought—or at the
27 very least, to pay more for merchandise than they otherwise would have if Defendant was simply
28 being truthful about its "sales."

14.    The effectiveness of Defendant's deceitful pricing scheme is backed by

-4-

1  longstanding scholarly research. In the seminal article entitled *Comparative Price Advertising:*

2  *Informative or Deceptive?* (cited in *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir.

3  2013)), Professors Dhruv Grewal and Larry D. Compeau write that, "[b]y creating an impression

4  of savings, the presence of a higher reference price enhances subjects' perceived value and

5  willingness to buy the product." Dhruv Grewal & Larry D. Compeau, *Comparative Price*

6  *Advertising: Informative or Deceptive?*, 11 J. PUB. POL'Y & MKTG. 52, 55 (1992). Therefore,

7  "empirical studies indicate that, as discount size increases, consumers' perceptions of value and

8  their willingness to buy the product increase, while their intention to search for a lower price

9  decreases." *Id.* at 56. For this reason, the Ninth Circuit in *Hinojos* held that a plaintiff making a

10  claim of deceptive pricing (strikingly similar to the claim at issue here) had standing to pursue

11  his claim against the defendant retailer. In doing so, the Court observed that "[m]isinformation

12  about a product's 'normal' price is . . . significant to many consumers in the same way as a false

13  product label would be." *Hinojos*, 718 F.3d at 1106.

14       15.    Professors Compeau and Grewal reached similar conclusions in a 2002 article:

15  "decades of research support the conclusion that advertised reference prices do indeed enhance

16  consumers' perceptions of the value of the deal." Dhruv Grewal & Larry D. Compeau,

17  *Comparative Price Advertising: Believe It or Not*, 36 J. OF CONSUMER AFFAIRS 287 (2002). The

18  professors also found that "[c]onsumers are influenced by comparison prices even when the

19  stated reference prices are implausibly high." *Id.*

20       16.    In another scholarly publication, Professors Joan Lindsey-Mullikin and Ross D.

21  Petty concluded that "[r]eference price ads strongly influence consumer perceptions of value . . .

22  Consumers often make purchases not based on price but because a retailer assures them that a

23  deal is a good bargain. This occurs when . . . the retailer highlights the relative savings compared

24  with the prices of competitors." Joan Lindsey-Mullikin & Ross D. Petty, *Marketing Tactics*

25  *Discouraging Price Search: Deception and Competition*, 64 J. OF BUS. RESEARCH 67 (2011).

26       17.    Similarly, according to Professors Praveen K. Kopalle and Joan Lindsey-

27  Mullikin, "research has shown that retailer-supplied reference prices clearly enhance buyers'

28  perceptions of value" and "have a significant impact on consumer purchasing decisions." Praveen

K. Kopalle & Joan Lindsey-Mullikin, *The Impact of External Reference Price on Consumer*

*Price Expectations*, 79 J. OF RETAILING 225 (2003).

18.     The results of a 1990 study by Professors Jerry B. Gotlieb and Cyndy Thomas Fitzgerald, came to the conclusion that "reference prices are important cues consumers use when making the decision concerning how much they are willing to pay for the product." Jerry B. Gotlieb & Cyndy Thomas Fitzgerald, *An Investigation into the Effects of Advertised Reference Prices on the Price Consumers Are Willing to Pay for the Product*, 6 J. OF APP'D BUS. RES. 1 (1990). This study also concluded that "consumers are likely to be misled into a willingness to pay a higher price for a product simply because the product has a higher reference price." *Id.*

19.     The unmistakable inference to be drawn from this research and the Ninth Circuit's opinion in *Hinojos* is that the deceptive advertising through the use of false reference pricing employed here by Defendant is intended to, and does in fact, influence customer behavior by artificially inflating customer perceptions of a given item's value and causing customers to spend money they otherwise would not have, purchase items they otherwise would not have, and/or spend more money for a product than they otherwise would have absent the deceptive advertising.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of all persons similarly situated, and seeks certification of the following class:

> All persons who purchased one or more of Defendant's products from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price.

21.     The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Defendants, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

22.     **Numerosity**. The Class is so numerous that joinder of all members in one action

is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiff alleges that there at least 50 members of the Class.

23.    **Typicality**. Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

24.    **Adequacy of Representation**. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and his counsel intend to prosecute this action vigorously.

25.    **Predominance of Common Questions of Law or Fact**. Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

        a)    Whether, during the Class Period, Defendant advertised false Reference Prices of its products offered on its Website.

        b)    Whether, during the Class Period, Defendant advertised price discounts from false Reference Prices on products offered on its Website.

        c)    Whether Defendant's deceptive pricing scheme using false Reference Prices constitutes false advertising in violation of the California False Advertising Law under Business & Professions Code §§ 17501;

26.    **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

27.    **Ascertainability**. Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs.

-7-

Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

### CAUSE OF ACTION

### Violation of California's False Advertising Law

### Cal. Bus. & Prof. Code §§ 17501, *et seq.*

28.    The California False Advertising Law, codified at California Business & Professions Code sections 17500, *et seq.* (the "FAL") provides, in relevant part, that "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

29.    Simply stated, Section 17501 means if an item is "on sale" for 90 days or more, the seller is violating Section 17501.

30.    Here, the Product was not sold at the higher reference price in the 90 days prior to Plaintiff's purchase.

31.    As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and members of the Class have suffered injury in fact and have lost money.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.    For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel;

B.    For all available legal, equitable, and declaratory relief;

C.    For attorneys' fees and costs as allowed by law;

D.    For such other and further relief, at law or equity, that may be proper.

-8-

CLASS ACTION COMPLAINT

Dated:  January 24, 2025

Respectfully submitted,

PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

-9-

CLASS ACTION COMPLAINT

Electronically FILED by Superior Court of California, County of Riverside on 01/24/2025 10:30 AM
Case Number CVRI2500337 0000117803202 - Jason B. Galkin, Executive Officer/Clerk of the Court By Lourdes Melendrez, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | Bar #: 202091 | FOR COURT USE ONLY |
|---|---|---|
| Scott J. Ferrell, Pacific Trial Attorneys, APC<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464    FAX NO. :<br>EMAIL ADDRESS:<br>ATTORNEY FOR *(Name):*  Plaintiff & the Putative Class | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME:

CASE NAME:
Esparza, et al. v. The Orvis Company, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CVRI 2500337<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 24, 2025

Scott J. Ferrell
(TYPE OR PRINT NAME)                                      ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*LexisNexis® Automated California Judicial Council Forms  www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
  *(not unpaid taxes)*
Petition/Certification of Entry of
  Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2500337

**Case Name:**   ESPARZA vs THE ORVIS COMPANY, INC.

SCOTT J. FERRELL
4100 NEWPORT PLACE DR., STE. 800
Newport Beach, CA 92660

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/02/2025 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 



Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/29/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Londos Melendrez*
_____
L. Melendrez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2500337

**Case Name:**    ESPARZA vs THE ORVIS COMPANY, INC.

VICTORIA C KNOWLES
4100 NEWPORT PLACE DR. 800
Newport Beach, CA 92660

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/02/2025 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 01/29/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court


by: *Londos Melendrez*
_____
L. Melendrez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2500337

**Case Name:**    ESPARZA vs THE ORVIS COMPANY, INC.

MIGUEL ESPARZA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 04/02/2025 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/29/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Londes Melendrez*

L. Melendrez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2500337

**Case Name:**    ESPARZA vs THE ORVIS COMPANY, INC.

THE ORVIS COMPANY, INC.

### NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/02/2025 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/29/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: Lourdes Melendrez
L. Melendrez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2500337

FERRELL, SCOTT J.
4100 NEWPORT PLACE DR., STE. 800
Newport Beach, CA 92660

KNOWLES, VICTORIA C
4100 NEWPORT PLACE DR. 800
Newport Beach, CA 92660

ESPARZA, MIGUEL

THE ORVIS COMPANY, INC.

Electronically FILED by Superior Court of California, County of Riverside on 01/24/2025 10:30 AM
Case Number CVRI2500337 0000117803203 - Jason B. Galkin, Executive Officer/Clerk of the Court By Lourdes Melendrez, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Scott J. Ferrell, State Bar No. 202091<br>Pacific Trial Attorneys, APC<br>4100 Newport Place Dr., Suite 800<br>Newport Beach, CA 92660<br>TELEPHONE NO: 949-706-6464         FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |

| | |
|---|---|
| PLAINTIFF/PETITIONER: MIGUEL ESPARZA, et al.<br><br>DEFENDANT/RESPONDENT: THE ORVIS COMPANY, INC. | CASE NUMBER:<br>CVRI2500337 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92501 _____

☐   The action concerns real property located in the zip code of: _____

☐   The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  January 24, 2025 _____

Scott J. Ferrell _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

| | |
|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI032 [Rev. 07/15/21]<br>(Reformatted 07/08/24) | **CERTIFICATE OF COUNSEL** |

Local Rule 3117<br>riverside.courts.ca.gov

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2500337

**Case Name:**      ESPARZA vs THE ORVIS COMPANY, INC.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 1 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.



| | |
|---|---|
| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 01/29/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _Lourdes Melendrez_
    L. Melendrez, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov
CVRI2500337: ESPARZA vs THE ORVIS COMPANY, INC.
Civil
Unlimited Civil Mass Tort
Historic Court House Department 1
Status: Active

| Complaints | File Date | Disposition |
|---|---|---|
| Complaint for Mass Tort of MIGUEL ESPARZA | 01/24/2025 | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| MIGUEL ESPARZA | THE ORVIS COMPANY, INC. |
| NMD: INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED ATT: PACIFIC TRIAL ATTORNEYS, APC ATT: PACIFIC TRIAL ATTORNEYS, APC | DBA: WWW.ORVIS.COM NMD: A VERMOT ENTITY |

| Date | Action |
|---|---|
| 01/24/2025 | Case assigned to Department: Department 1 |
| 01/24/2025 | Complaint for Mass Tort Filed By: MIGUEL ESPARZA |
| 01/24/2025 | Civil Case Cover Sheet (Complex) (CM-010) Filed By: MIGUEL ESPARZA |
| 01/24/2025 | Certificate of Counsel. Filed By: MIGUEL ESPARZA |
| 01/24/2025 | Summons Issued and Filed Filed By: MIGUEL ESPARZA |
| 01/29/2025 | Notice of Department Assignment |
| 01/29/2025 | Payment: $1.85,  Legal Connect, for ESPARZA, MIGUEL, Receipt: EFM20250129-01273 |
| 01/29/2025 | Payment: $450.00,  Legal Connect, for ESPARZA, MIGUEL, Receipt: EFM20250129-01273 |
| 01/29/2025 | Payment: $1,000.00,  Legal Connect, for ESPARZA, MIGUEL, Receipt: EFM20250129-01273 |
| 01/29/2025 | Notice of Case Management Conference Complaint for Mass Tort on Complaint for Mass Tort of MIGUEL ESPARZA |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVRI2500337: ESPARZA vs THE ORVIS COMPANY, INC.
Civil
Unlimited Civil Mass Tort
Historic Court House Department 1
Status: Active

Date       Action

04/02/2025 Case Management Conference - Complex at 8:30 AM in Department 1